## LEBOWITS et al. v. COLLIGAN.

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

BROKERS—COMMISSIONS—EMPLOYMENT BY BOTH PARTIES.

A statement by one party to an exchange of real estate, that he had offered to pay the broker employed by the other party a commission, does not show that the broker accepted employment by both parties, where he admits the offer, but states that he did not accept it.

Appeal from Kings county court.

Action by Louis Lebowits and Benjamin May against Peter M. Colligan to recover brokers' commissions. From a judgment affirming a justice's judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William L. Carey, for appellant.
Herman H. Baker, for respondents.

PER CURIAM. This is an action by real-estate brokers to recover $100 as a commission for their services to the defendant in effecting an exchange of real estate between him and one William F. Heisinger. There is sufficient evidence in the record to warrant the finding that the plaintiffs were employed by the defendant, and that he promised to pay them $100, as claimed. The point upon which the appellant most earnestly insists in this court is that the plaintiffs were acting as agents for the other party to the exchange, as well as for the defendant, and therefore cannot recover, inasmuch as the defendant did not know that they were thus employed. The allegation of double employment, however, is hardly borne out by the evidence. One of the plaintiffs swears positively that he had no agreement with Mr. Heisinger in regard to commissions. The other plaintiff testifies that Heisinger offered him a commission, but that he responded that he wanted to see the deal go through, and did not care whether he got any commission from him or not; adding that he was to get a commission from Mr. Colligan, the defendant. Giving credit to the evidence in behalf of the plaintiffs, as the trial court was entitled to do, it amounted only to an admission that Mr. Heisinger had made an offer to pay a commission, which offer had not been accepted.

As the record contains proof enough to support the conclusions of fact which must have been reached in the trial court, and discloses no legal error, the judgment should be affirmed, with costs.